**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| THOMSON LICENSING SA, | : | |
| Plaintiff, | : | Case No. 3:02CV311 |
| vs. | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| JACK BEERY, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

On October 19, 2005, the United States Court of Appeals for the Federal Circuit filed an Order granting Jack Beery's Motion to Dismiss Thomson Licensing SA's appeal for lack of jurisdiction, a copy of which was filed in this Court several days later. (Doc. #207). The Court of Appeals specified that the Order was issued as a mandate, *id*. at 2, which became effective on the date it issued, October 19, 2005, *see* Fed. R. App. P. 41(c).

This case is before this Court upon Thomson Licensing's Motion For Relief From Judgment So As To Allow Appeal (Doc. #208), Beery's Response (Doc. #212), Thomson Licensing's Reply (Doc. #213), and Beery's Sur-Reply (Doc. #216).

Thomson Licensing explains, in part, that it has filed a Combined Petition For Panel Rehearing And Petition For Rehearing *En Banc* in the Federal Circuit arguing that the Court of Appeals misapplied its own precedent in dismissing Thomson Licensing's appeal. (Doc. #213 at

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

n.1).  However, under the Federal Rules of Appellate Procedure, Thomson Licensing's Combined Petition "stays the mandate until disposition of the petition or motion, unless the court orders otherwise."  Fed. R. App. P. 41(d)(1).  The Federal Circuit has not ordered otherwise, *i.e.*, has not removed the stay of its mandate caused by Thomson Licensing's Combined Petition.  As a result, Thomson Licensing's Combined Petition operates to stay the Federal Circuit's mandate under Fed. R. App. P. 41(d)(1), and as a further result, this Court presently lacks jurisdiction to consider Thomson Licensing's Motion For Relief From Judgment So As To Allow Appeal (Doc. #208).  *See Tronzo v. Biomet, Inc.*, 318 F.3d 1378, 1380 (Fed. Cir. 2003)("all appellate judgments are returned to the district court for entry and implementation; the district court regains jurisdiction when the appellate mandate issues); *see also* Wright, Miller, & Cooper, *Federal Practice and Procedure* §3987 (3rd Ed. 1999)("Until the mandate issues ... the case ordinarily remains within the jurisdiction of the court of appeals and the district court lacks power to proceed further with respect to the matters involved in the appeal.).

      In addition to a jurisdictional matter, Appellate Rule 41(d)(1)'s stay of the appellate mandate makes procedural sense in this case since the Court of Appeals may reconsider – as Thomson Licensing has requested – whether it correctly applied its own precedent.  The need for further action, if any, by this Court will therefore depend on the substance of the Court of Appeals' ruling on Thomson Licensing's Combined Petition For Rehearing.

      Accordingly, because this Court presently lacks jurisdiction over this case, Thomson Licensing's Motion For Relief From Judgment So As To Allow Appeal (Doc. #208) must be denied without prejudice to renewal, if necessary, when the appellate mandate is no longer stayed.

### IT IS THEREFORE RECOMMENDED THAT:

1. Thomson Licensing's Motion For Relief From Judgment So As To Allow Appeal (Doc. #208) is DENIED WITHOUT PREJUDICE; and

2. The case remains terminated on the docket of this Court.


December 28, 2005

               s/ Sharon L. Ovington
                Sharon L. Ovington
              United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).